IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JESSIE HOLMES,                          )
                                        )
    Petitioner,                    )
                                        )
v.                                      )    CIVIL ACTION NO.  2:06-cv-958-MHT
                                        )
GREIL HOSPITAL,  *et al.,*              )
                                        )
    Respondents.                   )

ANSWER
AND SPECIAL REPORT

    The respondents, Alabama Department of Mental Health and Mental Retardation,

its Commissioner John Houston, Greil Hospital a DMH/MR psychiatric facility and Allen

Stewart, Greil's current Director,  answer the petition in this cause as follows:

FACTS

Initial Alabama Commitment and Out of State History

    Jessie Holmes is a 38 year-old, African-American male who is presently being

treated at Greil Hospital, a psychiatric facility of the Alabama Department of Mental

Health and Mental Retardation (hereinafter referred to as DMH/MR).  Attachment 1 at p.

1 and Attachment 2 at p.1.  He is mentally ill, has  a history of, and is currently being

treated for undifferentiated schizophrenia and pedophilia.  Attachment 2, at 2.  He is

being treated with several prescribed medications: Haldol, Chlorpromazine, Lithium and

Prozac. *Id.*

    Holmes was initially committed to the Alabama Department of Mental Health on

May 15, 2006, by the Probate Court of Lee County, Alabama.  Attachment 1 at p. 2 and

Attachment 2 at p. 14. Prior to his commitment hearing, he had been detained and treated at the East Alabama Medical Center in Opelika, Alabama. Attachment 2 at p. 16.

Prior to moving back to Alabama within the year of this Lee County commitment, Holmes had spent virtually all of his adult life in New York psychiatric and correctional facilities where his history reveals that he attempted suicide by hanging, demonstrated assaultive behavior, and had various charges for attempted sodomy, sexual abuse in the 1st degree, endangering the welfare of a child and public lewdness. Attachment 2 at p. 6. In 1988, he was sentenced to 10 years for sodomizing a young boy at knife point. *Id.* and Attachment 1 at 2. Attached is a brief synopsis of his medical record which contains additional details of his medical history and his most recent commitment orders in Alabama. *See generally* Attachment 2.

Holmes was committed in Lee County after having threatened to burn down the house of his mother and stepfather (the latter of whom petitioned to have him committed then) and threatening in a conversation with a police officer that, "somebody was going to get hurt." Attachment 1 at p. 2. His family does not want him to return to their home at this time. *Id.* His behavior threats had been preceded by him reportedly being agitated at home, breaking objects and fighting with his family. Attachment 2 at p. 4. He had also reportedly retrieved a rifle from under his parents bed and leaned it against the fireplace and grabbed his mother's glasses off the counter and broke them for no apparent reason. *Id.* It was serious enough for the police to be called. *Id.*

Holmes' Current Recommitment and Clinical Condition

After the initial commitment at Greil, despite his long and significant clinical history, Mr. Holmes' condition improved in a short time. In less than two weeks, he was referred for community placement with appropriate treatment and supervision. Attachment 1 at p. 2. However, he is a registered sex offender which makes it more difficult to place him from a treatment and security standpoint (fewer community service providing agencies will take him) and fewer are available that are located in places away from where schools and other covered facilities are outside of restricted zones under state statutes. *Id.* He was even considered for being discharged if a suitable clinical environment could be found. *Id.*

Nevertheless, by Fall, Mr. Holmes had engaged in two events that precipitated a petition by the Director of Greil Hospital for his recommitment to Greil. Attachment 2 at pp. 10-13. First, he was involved in an altercation with another patient while in a therapy session. *Id.* It was not determined who was the instigator, however, this was a display of violence that had not been previously noted during his treatment at Greil. Attachment 1 at p. 3. Second, it was discovered that Holmes had surreptitiously attained the address of the child daughter of his roommate and wrote her a letter that alarmed the child's mother considerably; apparently consistent with his diagnosis of pedophilia. *Id.* As a result, after a hearing before the Montgomery, Alabama Probate Court, he was recommitted to the Alabama Department of Mental Health and Mental Retardation on October 12, 2006. Attachment 2 at p. 9. The current clinical director at Greil and one of Holmes' treating psychiatrists, Dr. Clemmie Palmer, does not believe that his condition has improved

3

enough to release him without continued psychiatric treatment. Attachment 1 at p. 3 At present, he remains a danger to others. *Id.*

Accordingly, the respondents deny all material allegations of this petition.


## APPLICABLE LAW AND DEFENSES

Construction as a Habeas Corpus Petition and the Exhaustion Requirement

Broadly construed, Mr. Holmes appears in his complaint to sue for damages for being held wrongfully, by the respondents. As this court has determined, such matters have been determined to be actionable as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See e.g., Prieser v. Rodriquez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). He is also required to exhaust state remedies prior to filing a federal claim. *Id.* To date, the petitioner has not served any respondent with any action in state court for release.

To the extent that the petition alleges invalidity of his confinement, this action is barred. *See e.g., Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Holmes has been committed and recommitted before two different probate courts of the State of Alabama and had a history in two states of mental illness, with numerous professionals having diagnosed and treated him consistently with one another. He has recently exhibited actions consistent with his diagnoses that indicate a threat to others. As noted above, he has not exhausted any state remedies known to the respondents nor is any alleged.

4

Proper Due Process for Confinement for Treatment

On the other hand, the precise type of procedural due process required prior to confinement in a state facility was afforded Holmes each time he was committed to Greil. *See e.g., Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 801-03 (11th Cir. 1988), *cert. granted,* 489 U.S. 1064, 109 S.Ct. 1337, 103 L.Ed.2d 807 (1989) *and judgment aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Two different probate courts have determined he warranted commitment.

Governmental Immunity of the State Entities and Actors

To the extent that damages are sought against DMH/MR, Greil Hospital or any officials thereof in their official capacities, those actions are barred by the Eleventh Amendment. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). To the extent that Holmes seeks relief against state officials for violations of state law, this too is barred by the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Burch v. Apalachee Community Mental Health Services, Inc.*, 840 F.2d 797, 801 n. 8 (11th Cir. 1988), *cert. granted,* 489 U.S. 1064, 109 S.Ct. 1337, 103 L.Ed.2d 807 (1989) *and judgment aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Individual Capacity Claims

To the extent that damages are sought against the Commissioner Houston and Director Stewart in their individual capacities, they are entitled to qualified immunity. *See Anderson v. Creighton,* 438 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987);

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 Led.2d 396 (1982)  Given

Holmes' mental illness history and current professional assessments and treatment,

coupled with recent demonstrated acts that could endanger others, actions by officials to

continue his treatment at a psychiatric facility is objectively reasonable.  *See Harlow v.*

*Fitzgerald.*

State Law Torts and Equitable Relief

To the extent Holmes seeks state tort remedies or equitable relief, aside from

claims cognizable as a habeas corpus petition, this court should decline to entertain such

claims as Holmes could and should avail himself of state forums to pursue such remedies

prior to petitioning this court.  However, the facts of this case demonstrate that there are

appropriate justifiable reasons that have been adequately determined by state courts

already, to justify any temporary, legitimate infringement on Holmes' rights.


CONCLUSION

WHEREFORE, given the demonstrated clinical and violent history of this

petitioner, his current clinical condition and the state court proceedings that precipitated

his commitments, the DMH/MR, Greil Hospital and their officials urge this court to

dismiss this petition with prejudice.

Respectfully submitted, this the 27th day of December, 2006.

TROY KING,  KIN047
ATTORNEY GENERAL


/s/Courtney W. Tarver
COURTNEY W. TARVER, TAR009
DEPUTY ATTORNEY GENERAL
& GENERAL COUNSEL
Alabama Department of Mental Health &
 Mental Retardation
100 N. Union St.
P.O. Box 301410
Montgomery, AL 36130-1410
334-242-3038 (Phone)
334-242-3038 (Fax)
courtney.tarver@mh.alabama.gov

Attorney for the Respondents

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer and Special

Report upon the petitioner by placing a copy of the foregoing in the U.S. Mail, postage

prepaid and submitting it to the following address on this the 27th day of December,

2007:


Jessie Holmes  (Pro-se)
Greil Hospital
2140 Upper Wetumpka Road
Montgomery, AL  36107


 /s/ Courtney W. Tarver_____
COURTNEY W. TARVER

# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JESSIE HOLMES,                              )
                                            )
          Petitioner,                       )
                                            )
v.                                          )        Case No.:  2:06-CV-958-MHT
                                            )
GREIL HOSPITAL, et al.,                     )
                                            )
          Respondents.                      )

## DECLARATION OF DR. CLEMMIE PALMER

I declare under penalty of perjury that the following is true and correct:

1.      "My name is Dr. Clemmie Palmer.  I am over the age of nineteen.  I have no mental or physical conditions that would prevent me from testifying truthfully in a court of law.  I have personal knowledge of the facts contained herein.

2.      I am a practicing psychiatrist and have done so for  eight   years.  I am board certified in psychiatry, attended University of Alabama medical school and completed a residency in    Psychiatry at the Univ. of Alabama  .  I am currently employed by the Alabama Department of Mental Health and Mental Retardation ("DMHMR") as the Clinical Director of Greil Hospital, a psychiatric hospital and facility of the Alabama Department of Mental Health and Mental Retardation.  Prior to that I was engaged in the private practice of psychiatry for  eight    years.

3.      I make this declaration of my own personal knowledge and in support of each of the Defendants, the Alabama Department of Mental Health and Mental Retardation, its Commissioner, John Houston, Greil Psychiatric Hospital and its

Director, Allen Stewart in the above-styled case currently pending in the United States District Court for the Middle District of Alabama, Northern Division.

4.    I have been one of the treating psychiatrists for the petitioner in this cause, Mr. Jessie Holmes, during his commitment and recent recommitment to Greil Hospital. Mr. Holmes is mentally ill, diagnosed with conditions of undifferentiated schizophrenia and pedophilia.

5.  He is being treated with Haldol, Chlorpromazine, Lithium, and Prozac.

6.  He was originally committed to Greil hospital, and admitted on May 15, 2006. According to his medical history and the probate court records received from Lee County, Alabama, from where he was initially committed due to having threatened his mother and stepfather there, with whom he was living.  Police were called to their house on several occasions and the petitioner threatened to blow up the house and told an officer, "that somebody was going to get hurt."  His family does not want him to return home at this time.  Prior to moving in with his mother and stepfather, Mr. Holmes, now in his mid-thirties, had been institutionalized and served time in a correctional facility in New York State since he was approximately eighteen years-old, having been convicted of sodomizing an eleven-year-old boy at knife-point.

7.  Mr. Holmes was referred for community placement in late May, shortly after his admission to Griel, however, he is registered as a sex offender which contributes to more difficulty than normal in locating a lesser restrictive setting in which   he        can continue to be effectively treated.

8.  In October, after seriously considering discharge of Mr. Holmes, two events occurred that resulted in my judgment that he was not yet ready to be discharged.  One

was that he was engaged in an altercation with another patient while in a group therapy session. We were unable to determine who initiated the altercation but it demonstrated some violence that had not been displayed by Mr. Holmes prior to that time. Secondly, we were notified that Mr. Holmes had, without permission, gotten the address of his roommate's daughter from some correspondence his roommate had received and had written this young child a letter that appeared consistent with his pedophilia. As a result, we petitioned for his recommitment and the Montgomery County, Alabama Probate Court found that he remained mentally ill and a danger to self or others.

9.    In my professional judgment, I do not believe that Mr. Holmes' clinical condition has improved significantly enough yet for him to be released from Greil Hospital. Our staff is diligently seeking and the Department of Mental Health working to locate an appropriate, lesser restrictive setting that affords Mr. Holmes access to and monitoring of his medications and yet complies with the restrictions on where he may reside outside of access to children. To date, in my opinion, he remains mentally ill and a danger to others without continued psychiatric treatment.

Submitted this the 27th day of December, 2006.

CLEMMIE PALMER. M.D.
Clinical Director, Greil Hospital
Declarant

# ATTACHMENT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JESSIE HOLMES,                          )
                                        )
        Petitioner,                     )
                                        )
v.                                      )       Case No.: 2:06-CV-958-MHT
                                        )
GREIL HOSPITAL, et al.,                 )
                                        )
        Respondents.                    )

## DECLARATION OF BONNIE RHODES

I declare under penalty of perjury that the following is true and correct:

1.      My name is Bonnie Rhodes. I am over the age of nineteen. I have no mental or physical conditions that would prevent me from testifying truthfully in a court of law. I have personal knowledge of the facts contained herein.

2.  I am Custodian of Medical Records for Greil Memorial Psychiatric Hospital. As custodian of the medical records of this facility, I do hereby certify that this is a true and accurate copy of excerpts of the medical records of **Jessie Holmes, DOB 07/22/1968, SS # 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.** These records have been maintained in the regular course of business at Greil Memorial Psychiatric Hospital. The medical records attached are duplicates of the originals.

All of which I hereby certify and affirm on this the 27th day of December, 2006.

_Bonnie Rhodes_
Bonnie Rhodes
CUSTODIAN OF RECORDS
Greil Hospital

000000

**Chart Copy**        East Alabama Medical Center        ADMISSION RECORD

| ACCOUNT NO | ADMISSION DATE / TIME | FC | DATE OF BIRTH | AGE | SEX | RACE | MS | SERVICE | STATION | ROOM NO | ACC | PAT TYPE | BY | UNIT NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06132-00252 | 05/12/06 1:16pm | MC | 07/22/68 | 37Y | M | 2 | S | ER | 1WP | 1122A | R | PSY | YNK | 859463 |

| ADMITTING DOCTOR | ATTENDING DOCTOR | REFERRING DOCTOR | PRIMARY CARE DOCTOR |
|---|---|---|---|
| LUSCHE,PETER J | LUSCHE,PETER J | | |

| PATIENT NAME AND ADDRESS | SS# | | TELEPHONE NO |
|---|---|---|---|
| HOLMES,JESSIE<br>736 LEE RD 147<br>OPELIKA    AL 36804 | XXX-XX-3895<br><br>TELEPHONE NO<br>(334)705-8830 | **NOT EMPLOYED/UNK** | not-applicable |

| GUARANTOR NAME AND ADDRESS | SOC-SEC-NO | GUARANTOR EMPLOYER | TELEPHONE NO |
|---|---|---|---|
| HOLMES,JESSIE<br>736 LEE RD 147<br>OPELIKA    AL 36804 | XXX-XX-3895<br><br>TELEPHONE NO<br>(334)705-8830 | NOT EMPLOYED/UNK | not-applicable |

| INSURANCE 1 | INSURANCE 2 | INSURANCE 3 | INSURANCE 4 |
|---|---|---|---|
| MEDICAID<br>P O BOX 244032<br>MONTGOMERY    AL 36124<br>(800)688-7989<br><br>HOLMES,JESSIE<br><br>0000965838956 | 1500 MEDICAID<br>P O BOX 244032<br>MONTGOMERY    AL 36124<br>(800)688-7989<br><br>HOLMES,JESSIE<br><br>0000965838956 | | |

| EMERGENCY CONTACT | | |
|---|---|---|
| TABAON,INEZ | (334)705-8830 | |

| DIAGNOSIS/COMPLAINT | PATIENT CLASS | ADM TYPE | SOURCE |
|---|---|---|---|
| COURT ORDER | | 1 | 7 |

| PREVIOUS ADMIT NAME & DATE | |
|---|---|
| HOLMES,JESSIE | 05/09/06 |

| INFECTION CONTROL NOTICE | DATE OF LAST PNEUMOCOCCAL PNEUMONIA VACCINE | DC DATE |
|---|---|---|
| | | |

INS VERIFIED BY:          VERIFIED DATE:

HOLMES,JESSIE

06132-00252

859463

000001

Tobacco/Smoking Cessation counseling provided

State of New York
Office of Mental Health

Form 24th NFC (95) Page 3

## DISCHARGE SUMMARY/SERVICE PLAN (INPATIENT)

### PART II — Service Plan

Date Completed: 9/8/05

Your services, appointment dates, medications, and provider contacts are listed below.

HOLMES    JESSIE    312988

Male    7/22/68

_____ RPC    60/406

## Mental Health:

Medications (name, dose, frequency, purpose, supply given) / Alto3 450 mg Am 7½ mg, Bed time
Andnapene 2 mg one daily at his Am / Floxetene 40 mg Am
Carbomazepone 100% Am 400 mg at Pm time / Fesimine 70 mg one a week

Service Provider (name, address contact person, telephone no.) Haldol pondal ⊗ 5 mg 9 6th PM for agitation
EAST ALABAMA MENTAL HEALTH    Haldol Dec. 300 mg IM 9 4 weeks.
Lee County Clinic    (Last Inj. 50 8/31/05 next 9/21/05.)
RE 3506 LAMBERT DRIVE    Luproa Depot 1 Kit Umprol every 4 wk
Appointment Date OPENING ALABAMA:    Scana a Terk. bed time.
Other (describe) 9/14/05 at 1:00 pm
Dr. ROHINI REDDY   Tel # (334)-742-9701
Instructions   Ms. ELENA PETROVA   Therapist   p.d

## Physical Health:

Medications (name, dose, frequency, purpose, supply given)
None.

Health Care Provider (name, address, telephone no.)
EAST ALABAMA MENTAL HEALTH.
Lee County Clinic, 3506 Lambert Drive   ALABAMA
Appointment Date
Instructions (include physical activity and diet, as indicated)

## Rehabilitation:

A. Living
Type of Residence   Home to Mother Ms INEZ JENKINS.
Name and Address 736 Lee ROAD   147
OPELIKA ALABAMA 36804   Tel # (334)-705-8830
Patient has received information on services available in residence  ☒ YES ☐ NO ☐ N/A.

Patient refuses placement ☐ YES ☒ NO.   Attempts to place patient have failed ☐ YES ☐ NO.
Give reason(s)

B. Working
Employer (name, address, telephone no.)
None at this time.

Vocational Services (agency name, address, telephone no.)
None.

Comments:
C. Educational
Placement/Services (name, address, telephone no.)
N. obtain   technical   corp.

Distribution:    Original - Record    Yellow - Patient    Pink - Family

000002

## GENERIC DISCHARGE SCREENS:

| For 24 hours prior to D/C | YES | NO |
|---|---|---|
| A. P Systolic >85 or <180 | ☑ | ☐ |
| B. Temp.<101 oral/<102 rectal | ☑ | ☐ |
| C. Pulse >50 or <120 | ☑ | ☐ |
| >45 if on Beta Blockers | | |
| D. No purulent/bloody drg. from wound N/A | ☐ | ☐ |
| E. Voiding or draining urine sufficiently | ☑ | ☐ |
| Or voiding post catheter removal | | |
| F. Diet tolerated, No N&V | ☑ | ☐ |
| G. Passing flatus/fecal matter | ☑ | ☐ |

**Attending Physician notified of Any "No": Response**

Date:_____ Time:_____

Physician:_____

OK for D/C   Yes ☐   No ☐

## SPECIAL NEEDS ARRANGED BY PATIENT RESOURCE COORDINATOR

Nursing Home ☐   DHR Referral ☐   Rehab ☐
Hospice ☐   Home Health ☐
Equipment:_____

## VALUABLES/HOME MEDICATIONS

Given to:  patient ☑   family ☐
Relationship:_____

### PATIENT D/C INSTRUCTIONS

Dr Appointment:  to be arranged by Greil Hospital

Activity:  as tolerated
Diet:  Regular
☐ Pain management DC instruction sheet given
Further Pain management Instructions:_____
_____

Other Instructions:_____
_____
_____
_____
_____
_____

| | | |
|---|---|---|
| Pneumonia vaccine given at discharge: | ☐ Yes | ☑ No |
| Flu vaccine given at discharge: | ☐ Yes | ☑ No |

## DISCHARGE MEDICATION INSTRUCTIONS

| DTO GIVEN (check) Med-Teach / Food/Drug | MEDICATION  Allergies = PCN , bee stings | B'fast | Lunch | Supper | Bed Time |
|---|---|---|---|---|---|
| | lithium carbonate 600mg - take twice a day | ✓ | | | ✓ |
| | thorazine 100mg - one tablet in the am | ✓ | | | |
| | two tablets at night | | | | ✓ |
| | Prozac 40mg = 2 pills in the morning | ✓ | | | |
| | Abilify 20mg = two pills in the morning | ✓ | | | |
| | Centrum - take one daily | ✓ | | | |
| | Haldol dec 300mg. IM every 4 weeks | | | | |
| | due tomorrow 5/16/06 | | | | |
| | fosamax 20mg - take once a week (given today) | | | | |
| | Senokot - 1 tablet at night | | | | ✓ |
| | lupron depot 7.5mg IM q 4 weeks (due 5/23) | | | | |

**I HAVE BEEN INSTRUCTED ON THIS INFORMATION & UNDERSTAND THESE INSTRUCTIONS. I HAVE BEEN GIVEN A COPY OF THESE INSTRUCTIONS.**

_____
Patient/Other

Discharge Nurse's Signature

Discharge Date & Time: 5/15/06    Destination: Greil Hospital   With Whom: Sheriff

Mode of Transportation:  Car

## EAST ALABAMA MEDICAL CENTER

### DISCHARGE SUMMARY AND INSTRUCTIONS

HIM0012-1203-1-1

06132-00252          859463
**HOLMES,JESSIE**
LOC:ER  DOB:07/22/68   M37Y
Adm:05/12/06                 36804

000003

### East Alabama Medical Center
2000 Pepperell Parkway
Opelika, Alabama 36801

**HOLMES, JESSIE**
MRN: 0000859463
Financial #: 0613200252
DOB: 7/22/1968  Age: 37 years  Sex:Male

Admit Date/Time: 5/12/2006 13:16:00
Discharge Date/Time:
Location: 1WP 1122 A
Patient Type: PSY
Attending Dr.: **Lusche MD, Peter J**

---

**History and Physical/Abbreviated Clinical Record**

---

HP ACR

Patient Name: Holmes, Jessie

This is a 37 year-old African-American male admitted on a court order.

**CHIEF COMPLAINT:**  The patient states that he has not threatened his family. He is very paranoid and guarded.

**HISTORY:**  This is the first hospitalization for this 37 year-old African-American referred to East Alabama by Stephanie Wright of East Alabama Mental Health. The patient was sent to BIT on 4-15-06 from East Alabama Medical Center Emergency Department and BIT discharged him on 4-24-06. Since then, the patient reportedly agitated at home, breaking objects and fighting with family members. On Saturday, 5-6-06, the patient reportedly retrieved a rifle from under his parents bed and leaned it against the fireplace. He denied doing any of these things. On 5-9-06 he grabbed his mother's glasses off the counter and broke them for no apparent reason. Police were called, but they did not file charges on him. The patient is referred for a mental health evaluation.

The patient has a long history of schizophrenia and he was treated at New York for many years. He was treated at Rockland Psychiatric Center, but has been institutionalized since 1980 in either state psychiatric center or correctional facilities. The patient was sentenced to 10 years on 6-7-1988 for his sexually assaultive behavior. He also has a past history of suicidal attempt by hanging.

The patient denies hearing voices. He describes himself as frustrated and angry. He states he wants to go back to his mother. He states he is not going to fight with them. He denies being depressed. He denies being suicidal or homicidal.

No significant history of drug abuse.

**PAST PSYCHIATRIC HISTORY:**  As mentioned above.

**MEDICAL HISTORY:**  The patient has a history of congenital syphilis.

**FAMILY HISTORY:**  Denies any mental illness.

**MENTAL STATUS EXAMINATION:**  The patient presents as an adult African-American male in no distress. He is guarded, defensive, paranoid, hypervigilant. Eye contact is poor. He is somewhat argumentative and irritable at times, experiencing paranoid ideations and persecutory thinking. Denies experiencing hallucinations. Preoccupied feelings of anger and frustration. Concentration is poor. Insight is poor. Judgment is questionable based on the behaviors mentioned in the history. Memory for short term and long term even showed mild impairment.

**DIAGNOSTIC SUMMARY:**  The patient has been showing evidence of schizophrenia and possible mild mental retardation with antisocial traits. There is also a questionable history of alcohol abuse. Presently not exhibiting any major danger to self or others.

**DIAGNOSTIC IMPRESSION:**
AXIS I:   [1]  Schizophrenia, undifferentiated type.
          [2]  Alcohol abuse.

| Chart Request ID: | 2370143 | MRN: | 0000859463 |
|---|---|---|---|
| Print Date/Time: | 5/15/2006 8:31 AM | Financial #: | 0613200252 |
| Page 1 of 6 | | | **HOLMES, JESSIE** |

000004

## History and Physical/Abbreviated Clinical Record

|  | [3] | Pedophilia. |
| AXIS II: | | Mild mental retardation and antisocial traits. |
| AXIS III: | | Congenital syphilis. |
| AXIS IV: | | Severe. |
| AXIS V: | | 20. |

**TREATMENT PLAN:** The patient will be continued on his present medications, Lithium, Thorazine, Prozac, Abilify and Haldol Decanoate. Continue supportive therapy.

**ESTIMATED LENGTH OF STAY:**   3 to 5 days.

DP:     Sai Kishore Nandamuru, MD
TR:     jbc
DD:     05/13/2006  9:43 A
DT:     05/13/2006 10:59 A
        755845

Doc:
cc:

Electronically Signed By: Sai K Nandamuru
                 On 05/13/06 10:20

DD: 05/13/06  TD: 09:43

## Chemistry

### General Chemistry

| | Procedure | Sodium Level | Potassium Level | Chloride Level | CO2 | Anion Gap | Glucose Level |
|---|---|---|---|---|---|---|---|
| | Ref Range | [136-145] | [3.5-5.1] | [98-109] | [21-33] | [6-18] | [70-110] |
| | Units | mmol/L | mmol/L | mmol/L | mmol/L | | mg/dL |
| 5/12/2006 | 2:20:00 PM | 140 | 3.6 | 104 | 31 | **5 L** | 102 |

| | Procedure | Osmo Serum Calc | BUN | Creatinine Level | BUN/Creat Ratio | Calcium Level |
|---|---|---|---|---|---|---|
| | Ref Range | [275-295] | [7-18] | [0.7-1.4] | | [8.8-10.5] |
| | Units | | mg/dL | mg/dL | | mg/dL |
| 5/12/2006 | 2:20:00 PM | 276 | 9 | 0.8 | 11 | 9.3 |

| | Procedure | Corr Calcium | Total Protein | Globulin | Albumin Level | A/G Ratio | Bilirubin Total |
|---|---|---|---|---|---|---|---|
| | Ref Range | [8.8-10.5] | [6.4-8.5] | [2.3-4.3] | [3.4-5.0] | [0.8-2.2] | [0.0-1.0] |
| | Units | mg/dL | gm/dL | gm/dL | gm/dL | | mg/dL |
| 5/12/2006 | 2:20:00 PM | 9.6 | 7.8 | 4.2 | 3.6 | 0.9 | 0.4 |

Print Date/Time:   5/15/2006 8:31 AM
Page 2 of 6

MRN:      0000859463
Financial #:  0613200252

HOLMES, JESSIE

000005

MAY 12 06 03:39p       Lee L unty Clinic          33474227し                    p.5

Form  .40 MED (MH) (9-9z       )                                    State of New York
                                                                    OFFICE OF MENTAL HEALTH

| DISCHARGE SUMMARY/ SERVICE PLAN (INPATIENT) | Patient's Name (Last, First, M.I.) HOLMES, JESSIE | "C"/Id. No. 212982 |
|---|---|---|
| PART I - DISCHARGE SUMMARY | Sex M | Date of Birth 7/22/68 |
| Date of Admission: 7/2/03 Date of Discharge: 9/9/05 Date Summary Completed: 9/6/05 | Facility/Agency Name ROCKLAND PSYCHIATRIC CENTER Unit/Ward No. BLDG.60/UNIT 406 | |

1.    HISTORY Attach existing documentation (or an abstract) which includes the
      following information. as indicated.

   ■ Presenting Problem(s)          ■ Diagnosis
   ■ Mental/Physical Health         ■ Medications
   ■ Alcohol and Drug Use/Abuse

2.    ALERTS List risk factors including danger to self/others, CPL status, physical
      health conditions/needs, allergies, etc.

1. History of suicidal attempt by hanging.
2. History of assaultive behavior
3. History of legal charges for attempted sodomy, sexual abuse in the
1st degree, endangering the welfare of a child and public lewdness.

3.    COURSE OF TREATMENT Describe the course of treatment and the status of all goals
      which were to be met before discharge. Include the most effective treatments.

This is a 37 year old African American male who was transferred from
Mid-Hudson Forensic Psychiatric Center on 7/2/03 for continuous
treatment. The patient has a long history of mental illness and has
been institutionalized since 1980 either at the State Psychiatric
Centers or Correctional Facilities.

On 6/7/88 he was sentenced to 10 years for sodomizing a young boy at
knife point. He has a history of assaultive behavior and suicidal
attempt by hanging. He also has a history of alcohol abuse. He has a
full scale I.Q. of 68 which was done at Mid-Hudson Forensic
Psychiatric Center. He has received a variety of mood stabilizers and
antipsychotic medications including Depakote, Lithium, Haldol,
Zyprexa, Chlorpromazine, Aripiprazole, Fluoxetine. He also has been
receiving Lupron to reduce sexual desire. In the early part of his
hospitalization at RPC he was irritable, uncooperative and disruptive
but with the continuation of long acting Depot neuroleptics and mood
stabilizers his condition has been improved. For the last one year he
has been cooperative with his medications, and attending therapeutic
activities without incidences. He has not expressed suicidal
ideations or exhibited dangerous behaviors to himself or others. He
does not show acute psychotic symptoms or behavioral problems. He has
not shown inappropriate sexual behavior either.

000006

May 12 06 03:38p     Lee County Clinic            334742270              p.6

Patient: HOLMES, Jessie            (2)

The patient gets along with others and takes care of his personal hygiene with minimal supervision. His mother wants him discharged to Alabama to reside with her. Fourth level screening was done for his discharge with approval. He will reside with his mother and will attend aftercare clinic. He will register for sex offender with the local authority. He understands that he needs to continue with his treatment to prevent relapse of his symptoms. He will be discharged on 9/9/05 and will go to his mothers home accompanied by staff.

4.    CONDITION ON DISCHARGE  Describe current functioning.

The patient is alert and oriented to time, place and person. He shows no overt psychosis or evidence of depression. His mood is neutral and affect is appropriate. He denies suicidal or homicidal ideation. He also denies any intention to have inappropriate sexual relations. The patient understands his discharge plan and accepts it.

5.    Diagnosis:  Enter a P in front of the principal diagnosis

AXIS I:    Schizophrenia, undifferentiated type
           Alcohol abuse. Pedophilia

AXIS II:   Antisocial Personality disorder
           Borderline intellectual functioning

AXIS III:  Obesity, Hypercholesterolemia, Congenital syphilis.

AXIS IV  Psychosocial Stressors
a. Stressors(s):

b. Severity 1. |  | None 2.|x | Mild  3.|  | Moderate  4.|  | Severe

            5. |  | Extreme  6.|  | Catastrophic

            0. |  | Inadequate Info/No Change

c. Duration 1. |  | Predominately Acute Event

            2. |X | Predominately Enduring Circumstances

AXIS V  Global Assessment of Functioning
        (Enter two digit scores from 01 - 90)
a.  Current GAF Score  7 | 0   b. Past year GAF Score  4 | 0

6.    MEDICATIONS ON DISCHARGE As indicated, note name, dose and frequency:

Aripiprazole 20 mgs once a day in the morning
Chlorpromazine 100 mgs in AM and 200 mgs at bed time
Fluoxetine 40 mgs in AM. Fosamax 70 mgs once a week
Lithium Carb. 450 mgs in AM and 750 mgs at bed time
Haloperidol 5 mgs q 6 hours PRN for extreme anxiety
Senna 2 tabs at bed time
Lupron Depot/Kit Implant every 4 weeks (next due on 8/31/05) (Last injection 9/28/05)
Haldol Dec. 300 mgs q 4 weeks IM (next due on 9/21/05). (Last injection on 8/31/05)
A 30 day supply of above oral medications will be provided at the time of discharge from Rockland Psy. Center.

May 12 06 03:39p    Lee County Clinic    334 762-2761    p.1

Form 440A MED (Mfr)1    No 4

OFFICE OF MENTAL HEALTH

| DISCHARGE SUMMARY/SERVICE PLAN (INPATIENT) PART II — Service Plan | Patient's Name (Last, First, M.I.) Holmes Jessie | C Hd. No. 313982 |

## 3. Rehabilitation: (Cont'd)

For patients under 21, appropriate school district has been notified ☐ YES ☐ NO,
Committee on special education has been notified ☐ YES ☐ NO ☒ N/A
Comments: _____

D. Social/Leisure (Include referrals, instructions, etc.)
watch TV, listen to music

## Social Supports:

pt has a very supportive Mother, step father &
and sisters who reside in Alabama.

## Financial:

Type of support (e.g. own income, SSI) _Approved_ ·

Monthly amount _____    Id. No. _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_
Social services (address, contact person, telephone no.) _____

Other _____

## Patient/Family Statement:

we contacted pt's mother Ms Inez Towns on 9/7/05 · 8:40am and informed her
about pt discharge to Alabama, about the arrival time and follow up notes.
Upon arrival at Alabama, pt needs psychiatric intervention. Registration &
information about follow up care clearly sent to mother & pt himself.

Patient's Signature?    Jessie Holmes    Date: 9/5/05

## Service Plan Coordinator:

Name: Dr. Brian Reilly    Phone: Day(334)-762-2761    Night _____

## Participants:

| Name/Title | Agency/Relationship |
|---|---|
| Dr. Carson Cook MD Psychiatrist | for Chance Dr W |
| Dr. Dressler, Shaikh MD MD psych | |
| Cathy Thomas RN RN Counselor | |
| Martha Johnson LSW SW social wk | |
| Betty Smith RN O Dietitian | |
| Renee _____ LSW Nurse | |

| Completed by: _____ | Title: _____ | Date: 9/5/05 |

Distribution.    Original - Record    Yellow - Patient    Pink - Family

000008

# IN THE PROBATE COURT FOR MONTGOMERY COUNTY, ALABAMA

**JESSIE HOLMES**
**RESPONDENT**

CASE NO. <u>06-C 615</u>

## ORDER RENEWING INPATIENT COMMITMENT

In the matter of the Petition to Renew the Inpatient Commitment of **Jessie Holmes**, Respondent, as filed by Allen L. Stewart; and this day having been regularly set to hear and consider said petition; and now comes said petitioner by and through counsel, _____, Esq., and also comes the said Respondent, by and through counsel, **Larry Sasser**, Esq., and it now appears that the Court has jurisdiction of said matter and that adequate notice has been perfected as required by law; and the Court proceeds to receive evidence; and

The Court finds from clear and convincing evidence adduced in open hearing that:

1. Said Respondent is mentally ill;
2. As a result of the mental illness, Respondent poses a real and present threat of substantial harm to self or others;
3. That as a result of the mental illness the Respondent will, if not treated, continue to suffer mental distress and will continue to experience deterioration of the ability to function independently;
4. That the Respondent is unable to make a rational and informed decision as to whether treatment for the mental illness would be desirable;
5. That there is treatment available for the mental illness diagnosed;
6. That the evidence presented establishes a factual basis for the conclusion that Respondent poses a real and present threat of substantial harm to self and/or others and that confinement is necessary; the Petitioner has thus met the requirement of proving that Respondent's dangerousness has been evidenced by a recent overt act;
7. That inpatient commitment to the Alabama Department of Mental Health and Mental Retardation is the least restrictive alternative necessary and available for treatment of Respondent's mental illness;

Accordingly, said petition is due to be granted; and

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT** that the inpatient commitment of **Jessie Holmes**, Respondent, is renewed to the Alabama Department of Mental Health and Mental Retardation, for treatment of mental illness for a period not to exceed one year, subject to further renewal if found appropriate upon proper petition and proceedings.

DONE AND ORDERED this 12th day of October, 2006.

**D. PATRICK HARRIS**
**SPECIAL JUDGE OF PROBATE**

000009

CLINICAL SUMMARY FORM
GREIL MEMORIAL PSYCHIATRIC
HOSPITAL

NAME: _Jessie Holmes_

FILE NO: _1400 5580_ UNIT: _III_

DATE OF BIRTH (AGE) _7/22/68_ (38)

1.  Date of Admission: _5/15/06 — present_

    Previous admission date (s): _none_

2.  State the nature and frequency of your contacts with the patient upon which this summary is based: _Weekly or Rounds._

3.  Describe the patient's current mental status and recent (within last six months) behavior. Include information concerning such matters as hallucinations, delusions, incidents of verbal and physical hostility, medication compliance, and ability to care for daily needs (include specific information and date (s): _Denn and [ View] bullim_ _Did write a gill a letter while at Greil._

4.  Is the patient mentally ill? _Yes_
5.  What is the diagnosis? _Undifferentiated Schizophrenia, Pedophilia_

6.  What treatment is this patient receiving? (include medication, activities, group and individual therapy, etc.): _Absolvey ; Haldol Dc_ _Chlorpromazine ; Lupron_ _prozac ; Lithium._

7.  Does this patient, as a result of mental illness, pose a real and present threat of substantial harm to self/others? How so? (The answer to this question should relate back to behaviors, etc. mentioned in question #3): _____

_____ Yes — Pedophilia _____

8.  Will this patient, if not treated, continue to suffer mental distress and continue to experience deterioration of the ability to function independently? Explain: _____

_____ Yes _____

9.  Is the patient able to make a rational and informed decision as to whether or not treatment for mental illness is desirable? Explain: _____

_____ No . at this time, he denies the need

_____ for treatment , has taken his medication.

10. Is in-patient commitment the least restrictive alternative necessary and available for treatment of this patient's illness? Explain: _____

_____ Yes, at this time .

*11. Has this patient ever been referred (during this admission to the CMHC Hospital/Community Liaison for placement? If so, provide date (s) and result of referral (s): Pt. referred for placement 5/24/06. Pt. remains on placement waiting list .

*12. Have there been any actual attempted placements of this patient during hospitalization? If so, provide date (s) and reason for failure of placement attempt (s): There is no appropriate placement available at this time . Pt. is registered sex offender and cannot be placed in community setting near schools .

*13. Does the patient currently have an active CMHC placement referral? _____

_____ Yes

14. Do you recommend that a petition to Renew inpatient commitment be filed for this patient? Yes _____

*Social Work staff may provide assistance with these items.

Date: _10/6/2006_          Physician: _Cflin MD_

                           Title: _Clinical Director_

Revised: 6/25/97

000011

*Hearing Oct 12, 2006 @ 9:00 Am*

# IN THE PROBATE COURT OF MONTGOMERY COUNTY, ALABAMA

<u>Jessie Holmes</u>
**RESPONDENT**

CASE NO. 06-CC15

## PETITION TO RENEW INPATIENT COMMITMENT

TO: Honorable Reese McKinney, Jr., Judge of Probate

Comes now your Petitioner, Allen L. Stewart, LPC, as the Director of Greil Memorial Psychiatric Hospital, and does hereby request that the commitment order for the above named Respondent, Issued by the Probate Judge of Lee County on the 15th day of May, 2006 be renewed for the following reasons (in detail):

The patient carries a diagnosis of Schizophrenia, Undifferentiated/ Pedophilia. Patient denies auditory, and visual hallucinations. He denies that he has a need for inpatient treatment. While in the hospital (Greil), he has written a letter to an underage girl. He poses a real and present harm to others due to his pedophilia diagnosis.

Further, your Petitioner is of the opinion that less restrictive conditions of treatment for the Respondent are not appropriate for the following reasons (in detail):

The patient is unable to make rational and informed decisions regarding his need for treatment. He has little insight into his mental illness. At this time there is not an appropriate community placement. Patient is a registered sex offender and special guidelines for community placement must be followed. His condition would deteriorate without continued treatment.

Your petitioner now prays the Court will take jurisdiction over this matter and conduct such proceedings as are required and grant the renewal of the aforesaid commitment order. Petitioner prays for such other and different relief as entitled, the premises considered.

Signed this the 6th day of October, 2006

_____
Signature of Petitioner

Subscribed to and sworn before me this the 6th day of October 2006.

_____
Notary Public (Commission Expires 8/23/2010 )

000012

IN THE PROBATE COURT FOR MONTGOMERY COUNTY, ALABAMA

_JESSIE HOLMES_____                                  CASE NO. 06-C 615
RESPONDENT
(LOCATED AT GREIL HOSPITAL)


TO:   THE HONORABLE D. T. MARSHALL, SHERIFF OF
      MONTGOMERY COUNTY, ALABAMA:   GREETINGS:

        You are hereby **COMMANDED** to serve a copy of this instrument on the party named
and make due return to this Court stating the manner in which you have executed the same.


## NOTICE TO RESPONDENT
## RENEWAL OF INPATIENT COMMITMENT HEARING

TO: _Jessie Holmes_: You are hereby notified:

        1) That on the 6th day of October, 2006, that **Allen L. Stewart** filed a petition in the Probate
Court of Montgomery County, Alabama, alleging that you are mentally ill and that you should be
recommitted to the custody of the Alabama Department of Mental Health. A copy of that petition is
attached to this Notice and is hereby made a part of this Notice as is set out in full herein.

        2) That a hearing has been set on the **12th** day of **October, 2006**, at **9:00 o'clock a.m.** to
determine if there is sufficient evidence to support the allegations of the said petition.

        3) That you have the right to be present at the hearing unless the Court, after appropriate
inquiry determines that you are so mentally or physically ill as to be incapable of attendance.

        4) That you have the right to be represented by a lawyer of your own choosing and if you are
unable to afford a lawyer, the Court will appoint you one to represent you, namely
**Larry Sasser**, Esq.

        5) That at the said hearing, you shall have the right to offer evidence, to be confronted with
the witnesses against you and to cross-examine them and you shall not be compelled to testify
against yourself.

        6) That upon the hearing in this matter, the petition could be dismissed or denied, or you
could be recommitted to a state mental health facility or a designated mental health facility.

        DONE this the 6th day of October, 2006.


Executed by serving a copy on
said Respondent, Date _10/11/06_         REESE McKINNEY, JR.
By_____              JUDGE OF PROBATE
        Deputy Sheriff

000013

IN THE PROBATE COURT OF LEE COUNTY, ALABAMA

JESSIE HOMES             CASE NO_____

### ORDER FOR INPATIENT COMMITMENT

In the matter of the sworn petition as filed by  SALTORE TAVANO,  for the involuntary commitment of the above named respondent to a state or designated mental health facility; and this day having been set to hear and consider said petition on its merits; and now comes the said petitioner by and through counsel, Margaret Ann Mayfield, Esq.; and also comes the said alleged by and through counsel, Melissa Gawan            , Esq.; and it now appears to the Court that it has jurisdiction over said matter and that due and proper notice has been perfected as required by law; and on motion the Court proceeds to hear and consider said petition and any evidence relating thereto; and

The Court finds from the evidence adduced in open hearing and of record that it is clear and convincing that respondent is mentally ill and posses a real and present threat of substantial harm to himself/herself; that the respondent will, if not treated, continue to suffer mental distress and will continue to experience deterioration of the ability to function independently; and that the respondent is unable to make a rational informed decision as to whether treatment for mental illness would be desirable; and that inpatient commitment to the Alabama Department of Mental Health or its designated facility is the least restrictive alternative necessary and available for the treatment of the person's mental illness.

It is therefore ORDERED by the Court that respondent is mentally ill person, be and is hereby committed to the Alabama Department of Mental Health, Montgomery AL         for treatment of his/her mental illness for a period not to exceed 150 days, subject to renewal if found appropriate upon petition and proceedings; that a copy of all medical records pertaining to the treatment of said person at East Alabama Medical Center            , be forwarded to said state hospital with said patient; and that the Sheriff of Lee County shall forthwith take into custody said mentally ill person an deliver him/her to the proper authorities at Greil Psychiatric Hospital            .

It is further ORDERED by the Court that the costs of this proceeding, including a fee to the attorney for the petitioner in the sum of $ ———— to be set and a fee to the Guardian ad Litem in the sum of $ ———— to be set, be taxed against State of Alabama, FOR THE RECOVERY OF WHICH LET EXECUTION ISSUE.

The Court retains jurisdiction over this matter for such other proceedings and orders as may become appropriate.

Done and ORDERED THIS May 15, 2006            .

Bill English
PROBATE JUDGE

000014

EAMC

STATE OF ALABAMA
COUNTY OF LEE                                IN THE PROBATE COURT

ORDER TO TRANSPORT

TO THE SHERIFF OF LEE COUNTY, ALABAMA – GREETINGS:

You are hereby commanded, without delay to bring:

Name: _Jessie Holmes_                          hanging out in 108

Address: _1010 2nd Ave room 118_    or 108

City: _Opelika AL_

Race: _B_    Sex: _M_    DOB _7-22-68_

Hgt: _6'_    Wt: _207_

Into your custody and thereupon to transport said individual to the EAMC,
Opelika, Alabama, and to leave him/her in the custody of said hospital for
evaluation and determination as to whether or not said individual shall be admitted
as a psychiatric patient to the said EAMC.

This the _12_ day of _May_, _2006_

_Bill English_
BILL ENGLISH
PROBATE JUDGE
LEE COUNTY, ALABAMA

Special conditions: (known weapons or behaviors)
_Hostile, restless_
_____
_____

Any Family Members Present?    Yes    No    How Many? _____

Has this subject been committed before?    Yes    No

Navy blue pants
plaid shirt
Navy windbreaker
glasses

FILED IN
OFFICE THIS

MAY 1 2 2006

JUDGE OF PROBATE

000015

IN THE MATTER OF THE SWORN PETITION FILED IN THIS THE
PROBATE COURT OF LEE COUNTY, ALABAMA BY

FOR THE INVOLUNTARY COMMITMENT OF
_Jessie Holmes_

TO THE STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH.

## ORDER TO DETAIN AND ADMIT

Petition seeking the involuntary commitment of _Jessie Holmes_
to the State of Alabama Department of Mental Health having been filed in this Court
upon the _12_ day of _May_ , _2006_ and hearing on said
petition having been set for the _____ day of _to be set_ , _____ and it
being the opinion of this Court that it is necessary for limitations to be placed upon the
liberty of the said Respondent in order to prevent said Respondent from doing substantial
and immediate harm to himself/herself or to others, or to prevent said Respondent from
leaving the jurisdiction of this Court, it is

THEREFORE ORDERED, ADJUDGED AND DECREED that the said
Respondent shall be admitted to and detained at East Alabama Medical Center, 2000
Pepperell Parkway, Opelika, Alabama, under the provisions of the Code of Alabama,
22-52-7, until these proceedings have been heard by this the Probate Court of Lee
County, Alabama, at which time determination shall be made regarding the petition
seeking involuntary commitment of the said Respondent to the State of Alabama
Department of Mental Health.

This the _12_ day of _May_ , _2006_ .

_Bill English_
Bill English
Probate Judge
Lee County, Alabama

FILED IN
OFFICE THIS
MAY 1 2 2006

JUDGE OF PROBATE

000016

IN THE PROBATE COURT OF LEE COUNTY, ALABAMA

## PETITION FOR INVOLUNTARY COMMITMENT OF:

### JESSIE HOMES

To Bill English, Probate Judge

      Comes petitioner <u>SALTORE TAVANO,</u> and respectfully represents unto your honor that <u>JESSIE HOMES</u> is approximately 37 years of age, DOB:  SS# _ and his legal address is 736 Lee Road 147, Opelika, Alabama and currently at East Alabama Medical Center, Opelika, Alabama; that your petitioner has reason to believe that said person is mentally ill; and that such beliefs are based on specific behavior, acts, attempts, or threats, which are specified and described in detail as follows:

<u>Mr. Jessie Homes is currently at East Alabama Medical Center.  Mr. Homes has lived in the home with his mother and step-father since his release from the hospital in New York.  The petitioner has called the police to his home on several occassions due to the respondent's threats and behavior.  The last time was Wednesday night when the respondent was threatening to blow up the house and he stated to the officer "that somebody was going to get hurt."  Petitioner fears for the safety of the respondent.</u>

That the following persons have knowledge of the said respondent's  mental illness and above information and may be called as witnesses at a hearing on this matter:

      (Name)              (Address)

1.  <u>Saltore Tavano     736 Lee Road 147, Opelika, AL</u>

2.  <u>East Alabama Mental Health Staff   2506 Lambert Drive, Opelika, Alabama</u>

000017

Your petitioner further states that the name(s) and address(es) of the respondent's spouse, attorney and next of kin, if known, are as follows:

1. Spouse <u>n/a</u>

2. Attorney <u>n/a</u>

3. Next of Kin <u>Saltore Tavano-step-father</u>

Wherefore, petitioner prays that the Court will take jurisdiction of this matter, that a day be set for a hearing on this petition:  that notice of the date, time and place of the hearing be given to the respondent and that a Guardian-ad-Litem be appointed to represent him/her, and that the said <u>JESSIE HOMES</u> be committed to the State Department of Mental Health.

Petitioner *Salvatore Tavano Jr*
(Signature)

Address   <u>736   Lee   Road   147,   Opelika,   AL</u>

Telephone <u>334-705-8830</u>

Subscribed to and sworn before me this 11th day of May, 2006.

Notary

My commission expires:  7/15/2007

Attorney for petitioner:
Margaret Ann Mayfield
P.O. Box 809
Opelika, Alabama  36803

FILED IN
OFFICE THIS

MAY 1 2 2006

JUDGE

000018

IN THE PROBATE COURT OF LEE COUNTY, ALABAMA

IN THE MATTER OF THE INVOLUNTARY COMMITMENT OF:

<u>JESSIE HOMES</u>

In the matter of the sworn petition filed with this court by <u>SALTORE TAVANO,</u> for the involuntary commitment of <u>JESSIE HOMES</u> to the Alabama Department of Mental Health.

### WRIT FOR BODY

TO:    THE HONORABLE JAY JONES, SHERIFF OF LEE COUNTY, ALABAMA, GREETINGS:

You are hereby ORDERED to take into custody <u>JESSIE HOMES</u> a person alleged to be mentally ill (Respondent) and have him/her present before this Court <u>3 00</u> <u>May 15, 2006</u>.

You are further ORDERED to serve said alleged with a copy of this writ and make due return to this Court stating the matter in which you have executed the same.

Done and ORDERED this <u>May 12,</u> , 2006.

<u>Bill English</u>
Probate Judge

Location of Respondent:

<u>East Alabama Medical Center</u>

<u>Opelika, Alabama</u>

Attachments:
( ) Notice (22-52-3)
( ) Copy of Petition to commit
( ) Other

FILED IN
OFFICE THIS

MAY 1 2 2006

JUDGE OF PROBATE

000019

STATE OF ALABAMA,           )   IN THE PROBATE COURT
                                 )
COUNTY OF LEE              )


TO: JAY JONES, THE SHERIFF OF LEE COUNTY, ALABAMA, GREETING:

In compliance with the attached Order of the Probate Court of Lee County, Alabama, you are commanded to forthwith deliver <u>JESSIE HOMES,</u> to the custody of the State of Alabama, Department of Mental Health at

Bryce Hospital, Tuscaloosa, Alabama

Greil Psychiatric Hospital, Montgomery, Alabama

Veterans Administration Medical Center, Tuskegee, AL

and to leave a copy of said Order with the Admissions Officer there.

This the ___15___ day of ___May_____, 2006.

<em>Bill English</em>
BILL ENGLISH, PROBATE JUDGE