IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv958-MHT |
| | ) | |
| GREIL HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Jessie Holmes ("Holmes"), an inmate at Greil Hospital, a state psychiatric facility, on October 23, 2006. In his petition, Holmes challenges the constitutionality of the state proceedings that resulted in his involuntary commitment in 2006 to Greil Hospital pursuant to orders of the Lee County and Montgomery County Probate Courts.

In their answer filed with this court on December 27, 2006, the respondents assert that Holmes has failed to exhaust state remedies with respect to the claims now pending before this court. The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State. . ." 28 U.S.C. § 2254(1)(b)(1)(A). Because Holmes is "in custody pursuant to the judgment of a State court" any habeas petition he files is subject to the procedural restrictions set forth in 28 U.S.C. § 2254. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Medberry*

*v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

## DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 – including exhaustion of state remedies – apply to" Holmes as he challenges the validity of state court actions that resulted in his confinement and which remain a potential basis for his confinement. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Holmes] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State..." 28 U.S.C. § 2254(1)(b)(1)(A).

The pleadings filed in this case establish that Holmes has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court may not rule on the merits of Holmes' claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

2

Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Holmes may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269 (2005).

On December 28, 2006, the court ordered Holmes to show cause why his petition should not be dismissed for failure to exhaust his available state remedies. *See Order of December 28, 2006, Doc. # 14*. Holmes has filed nothing in response to this order. Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before **February 12, 2007**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of January, 2007.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE